

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00734-CR

Brandy Darlene **AIELLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR1259W
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed: December 19, 2018

DISMISSED FOR LACK OF JURISDICTION

On February 5, 2018, appellant entered a plea of "nolo contendere" to the charge of continuous family violence and was placed on community supervision by the trial court. On April 18, 2018, appellant filed a motion to withdraw her plea which was subsequently denied by the trial court on July 9, 2018. The same day, the trial court signed the Trial Court's Certification of Defendant's Right to Appeal certifying appellant's right to appeal the trial court's decision on the motion to withdraw plea. Thus, absent a timely motion for new trial, the notice of appeal was due August 8, 2018, and a motion for extension of time to file the notice of appeal was due August 23,

2018. *See* TEX. R. APP. P. 26.2(a)(a)(1); R. 26.3. Appellant, however, filed a pro se "Motion for Leave to File Late Notice of Appeal" on October 11, 2018. On October 22, 2018, this court issued an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Counsel filed a response in which he concedes appellant's notice of appeal was untimely filed.

A late notice of appeal invokes the appellate court's jurisdiction in a criminal case only if (1) it is filed within fifteen days of the last day allowed for filing the notice of appeal, (2) a motion for extension of time is filed in the court of appeals within the fifteen-day grace period, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). This court may not extend the time to file a notice of appeal unless a motion for extension of time is filed in the appellate court within fifteen (15) days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. When a notice of appeal and a motion for extension of time are not filed within the fifteen-day grace period, the appellate court lacks jurisdiction. *Id*.; *Olivo*, 918 S.W.2d at 522; *but see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus in the trial court pursuant to article 11.07 of the Texas Code of Criminal Procedure). Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

Do not publish